[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 23, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16356
Non-Argument Calendar
_____

D. C. Docket No. 04-00223-CR-T-27MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARNULFO TORREZ OROVIO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(August 23, 2005)**

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Arnulfo Torrez Orovio appeals his 135-month sentence for drug trafficking while aboard a vessel, in violation of 46 App. U.S.C. § 1903(a), (g), and (j) and 21 U.S.C. § 960(b)(1)(B)(ii).  On appeal, Orovio argues that the district court erred by denying him a role reduction because: (1) he was less culpable than most other participants and was not a leader, manager, or organizer; and (2) his relevant conduct was limited to one shipment of cocaine, and not the larger drug distribution conspiracy.  Orivio also argues that the district court erred by simply imposing the minimum sentence in the guideline range, under a mandatory guidelines system, without considering the factors listed in 18 U.S.C. § 3553(a), as is now required under *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621(2005).

## I. *Mitigating-Role Reduction*

"[A] district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error."  *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (*en banc*).  The proponent of the reduction bears the burden of proving the mitigating role in the offense by a preponderance of the evidence.  *Id.* at 939.

The Sentencing Guidelines permit a court to decrease a defendant's offense level by four levels if it finds that the defendant was a "minimal participant" in the

criminal activity, or by two levels if it finds that the defendant was a "minor participant" in the criminal activity. U.S.S.G § 3B1.2(a), (b). In determining whether a mitigating-role reduction is warranted, a district court "should be informed by two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." *De Varon*, 175 F.3d at 940. "Only if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable - not a minor role in any larger criminal conspiracy - should the district court grant a downward adjustment for minor role in the offense." *Id*. at 944.

Because the record demonstrates that Orovio (1) was held accountable only for those drugs that he handled, and (2) failed to show, by a preponderance of the evidence, that his conduct in steering the boat and throwing the cocaine into the water rendered him less culpable than other identifiable participants, the district court did not clearly err by denying his request for a mitigating-role reduction.

## II. *Booker*

Because Orovio failed to lodge an objection to his sentence based on *Booker*, or any constitutional grounds, in the court below, we review for plain error

only.  *See United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1315 (11th Cir. 2005).  "An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotations omitted).

In *Booker*, the Supreme Court held that the mandatory nature of the federal guidelines rendered them incompatible with the Sixth Amendment's guarantee of a right to a jury trial. *Booker*, 543 U.S. at ___,125 S. Ct. at 750-56.  The Court ruled that sentencing courts nevertheless must consider the factors set forth in 18 U.S.C. § 3553(a) when imposing sentences. *Id.* at ___, 125 S. Ct. at 765.  We have held that plain error exists where a district court imposes a sentence under the formerly binding, mandatory guidelines.  *United States v. Shelton*, 400 F.3d 1325, 1330-31 (11th Cir. 2005).  We have further held, however, that, in order to prove that the error affected his substantial rights, the third prong of plain error review, a defendant must demonstrate "a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." *United States v. Rodriguez*, 398 F.3d 1291, 1301

4

(11th Cir. 2005), *cert. denied*, 125 S. Ct. 2935 (2005).  Where "[t]he record provides no reason to believe any result is more likely than the other," a defendant cannot prevail under plain error review.  *Id.*

Because Orovio has failed to show that there is a reasonable probability that the district court's error in sentencing him under a mandatory guideline system affected the outcome of his sentence, no reversible plain error occurred.

Accordingly, we affirm Orovio's sentence.

**AFFIRMED.**